UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHELLE PROVOST, individually and on behalf of all others similarly situated,
Plaintiff,

v.

APTOS, INC., and TEMPUR SEALY INTERNATIONAL, INC.,
Defendants.

CIVIL ACTION NO.

1:17-CV-02120-JPB

**ORDER**

This matter comes before the Court on Defendant Aptos, Inc.'s Motion to Strike Amended Complaint [Doc. 59]. This Court finds as follows:

Plaintiff Michelle Provost, individually and on behalf of all other similarly situated individuals, filed a putative class action complaint ("Original Complaint") on June 9, 2017, against Aptos, Inc. and Tempur Sealy International, Inc. alleging claims related to their failure to secure and safeguard their customers' personal information. [Doc. 1]. Plaintiff, a former customer of Defendant Tempur Sealy, alleged that she suffered injury as a result of a data breach in November 2016. [Doc. 1]. Specifically, Plaintiff alleged that she suffered: (1) actual injury including monetary losses arising from unauthorized bank account withdrawals

and/or related bank fees charged; (2) actual injury and damages by paying money to Defendant Tempur Sealy that she would not have paid had "Defendant disclosed that they lacked computer systems and practices adequate to safeguard customers' Personal Information[;]" (3) actual injury in the form of damages to and diminution in the value of her personal and financial identity information; and (4) imminent and impending injury arising from the increased risk of future fraud, identity theft and misuse. [Doc. 1].

Both defendants moved to dismiss Plaintiff's Original Complaint for lack of Article III standing. [Docs. 31 and 32]. On March 12, 2018, the Court granted the motions to dismiss and explained in significant detail why Plaintiff's alleged injuries were insufficient to confer standing. [Doc. 41]. Importantly, the dismissals were without prejudice and the case was left open for a period of fourteen days so that Plaintiff could file leave to amend the Original Complaint. [Doc. 41].

Plaintiff filed her Motion to Amend Complaint and Proposed Amended Class Action Complaint ("Proposed Complaint") on March 26, 2018. [Doc. 42]. The Proposed Complaint, especially the injuries alleged, was very similar to the Original Complaint, which this Court dismissed. Plaintiff alleged four injuries in her Proposed Complaint: (1) one fraudulent charge; (2) lost benefit of the bargain;

(3) diminution in value in her personal identity information; and (4) an increased risk of future identity theft. [Doc. 42-1].

On December 21, 2018, Plaintiff's Motion to Amend Complaint was granted in part and denied in part. [Doc. 54]. Finding that the Proposed Complaint sufficiently alleged an injury to confer standing based on a fraudulent charge, Plaintiff was given leave to amend this particular allegation. [Doc. 54]. Importantly, the Court denied Plaintiff's motion in all other respects. [Doc. 54]. The Court held that Plaintiff was not permitted to assert that she had standing based on her alleged injuries of lost benefit of the bargain, diminution in value of personal identity information and increased risk of future identity theft. Plaintiff was directed to file an amended complaint within twenty-one days that complied with the Court's ruling and Plaintiff was warned that "[f]ailure to file an amended complaint in compliance with the Court's order will result in dismissal of the case." [Doc. 54].

On January 9, 2019, Plaintiff filed her Amended Class Action Complaint ("Second Amended Complaint"), which was nearly identical to the Proposed Complaint that Plaintiff was ordered to amend. [Doc. 55]. Because this Court must determine whether Plaintiff complied with the order requiring an amended complaint, Plaintiff's revisions will be discussed in detail.

On page 1, the title of the document was changed from Proposed Amended Class Action Complaint to Amended Class Action Complaint. Also on page 1, a footnote was added that stated that this Court granted Plaintiff leave to file the Amended Complaint. On page 4, the word purposely was changed to purposefully. On page 5, the residence of Plaintiff was changed from "is a resident of Rockland County, New York," to "was, at all times relevant herein, a resident of Rockland County, New York." A comma was added on page 6, and on page 7, a footnote was added that stated: "[t]he allegations in ¶¶ 16 and 17 are not set forth for establishing standing, consistent with this Court's Opinion [Doc. 54], but are retained herein as allegations of alleged fact and to preserve the record for any appeal." On page 8, the phrase *ad nauseum* was added to the paragraph that discussed Defendant Aptos's website and its reference to the intrinsic value of the customer's data. Additionally, also on page 8, Personal Information was replaced with the abbreviation PII. In the remaining forty-two pages of the Second Amended Complaint, a misplaced period was removed on page 22, "Aptos/TS Security Breach" was shortened to "Security Breach" on several pages and a typographical error was corrected on page 37. The Prayer for Relief was slightly modified but not in a substantive manner.

Defendant Aptos moved to strike the Second Amended Complaint on February 6, 2019. [Doc. 59]. Defendant argued that Plaintiff failed to comply with this Court's order denying in substantial part leave to amend.[1] In explaining her failure to comply with this Court's order, Plaintiff argued that she "should be entitled to assert the well-recognized panoply of other potential damages suffered based on the opportunity, cost, and value of the time that" Plaintiff has been forced to expend to monitor and otherwise safeguard her financial information. [Doc. 63].

Local Rule 41.3(A)(2) provides that the Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff fails or refuses to obey a lawful order of the Court in the case. Moreover, where a plaintiff is afforded a chance to remedy pleading deficiencies and "fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority" of Federal Rule of Civil Procedure 41(b). Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015). Dismissal with prejudice is appropriate where a party engages in a clear pattern of delay or willful contempt and where the district court specifically finds that lesser sanctions would not suffice. Importantly, "[w]hile dismissal with prejudice is an extreme sanction,

[1] Defendant also argued, in the alternative, that this Court should strike all class allegations. That issue need not be addressed as this Court has determined that Plaintiff failed to comply with this Court's order.

dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Dismissal with prejudice is appropriate in this case especially since Plaintiff has now filed three complaints, none of which conformed to this Court's order. In this case, Plaintiff ignored the Court's express directions and reasserted damages allegations for which leave to amend was denied on standing grounds. Importantly, when Plaintiff was given the second opportunity to amend, she was warned that failure to file a conforming complaint would result in dismissal. See Barone v. Wells Fargo Bank, N.A., 757 F. App'x 877, 882 (11th Cir. 2018). When this Court ordered Plaintiff to file an amended complaint that complied with the Court's December 21, 2018 Order, Plaintiff was required to do more than correct typographical errors and insert a footnote. The order required Plaintiff to amend the allegations that alleged injury pertaining to lost benefit of the bargain, diminution in value and increased risk of future identity theft. No meaningful changes were made to these allegations at all.

Furthermore, it does not appear that Plaintiff is willing to make the proper amendments to the complaint. The March 12, 2018 Order, which granted the motions to dismiss, outlined the pleading requirements and explained why

Plaintiff's Complaint was deficient. The dismissals were without prejudice and Plaintiff was given her first opportunity to amend. Nevertheless, Plaintiff filed a Proposed Complaint with nearly all of the same deficiencies. When Plaintiff was warned a second time of the deficiencies, instead of overhauling the Proposed Complaint, she filed the Second Amended Complaint with no substantive changes. See Jones v. Lockheed Martin Corp., 640 F. App'x. 848, 850-51 (11th Cir. 2016) (holding that the district court properly determined that no lesser sanction would suffice because it had already attempted the lesser sanction of dismissal without prejudice to no avail).

This Court is also troubled by Plaintiff's reason for failing to comply with the Court order. Despite the order of this Court, Plaintiff stated that she "should be entitled to assert the well-recognized panoply of other potential damages suffered based on the opportunity, cost, and value of the time that" Plaintiff has been forced to expend to monitor and otherwise safeguard her financial information. Plaintiff, in other words, argues that she did not agree with the order and thus did not comply. The violation of the Court's order could not be more apparent.

It is worth noting that if Plaintiff were allowed another opportunity to amend by filing a fourth complaint, Defendants would be unfairly prejudiced. Defendants have already been forced to litigate two motions to dismiss, a motion to strike and

most likely a third motion to dismiss if Plaintiff were allowed to amend. See Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). This case is already more than two years old with no real progress because of pleading deficiencies that Plaintiff has twice been ordered to correct. Here, further delay would not serve the interests of justice.

Ultimately, in light of the Court's instructions and Plaintiff's complete failure to follow those instructions, Defendant Aptos's Motion to Strike is GRANTED and Plaintiff's Second Amended Complaint is DISMISSED for failure to comply with the Court's order. The Clerk is DIRECTED to CLOSE this case.

**SO ORDERED** this 9th day of October, 2019.

**J. P. BOULEE**
United States District Judge